[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a motion for contempt alleging that the defendant failed to pay child support for a period of several months in 1999. The defendant claims to be excused from the failure as a result of the plaintiff's intransigent refusal to supply him with valuable insurance information in violation of the court orders, and has filed a motion for modification asserting that the amounts not paid in child support should be set off because of other very substantial payments he has made for the benefit of the children which he asserts are the plaintiff's responsibility under the divorce.
The judgment of September 11. 1991 provided that the defendant would pay $240 per week as support for each of the parties two children, whether or not the children were living with him. It specified that this sum would "cover all aspects of the children's financial needs including, but not limited to, normal necessities such as food, clothing, housing, educational expenses, and also incidentals such as entertainment, summer camps, and cost for participating in extracurricular activities." In 1998, the parties agreed to a reduction to $100 of the support due for their son, Kolin, because the defendant was paying for Kolin's tuition at a private school. Although the boy has moved to a different school, the parties still follow the same arrangement.
The divorce judgment also provided that the wife notify the husband of any insurance policy that became available to her through her employment so that he could evaluate and possibly reduce the health insurance premiums he was paying. When the plaintiff became employed in a job which the defendant reasonably believed would provide insurance for her, he began to inquire about the policy. Between February 26, 1999 and April 19, 1999, he wrote her seven letters requesting the information, including CT Page 3829 in the last one a notification that he would terminate support if she did not respond. She did not respond to any of the communications, although she had available a health insurance program that would have saved the parties money. The defendant kept his promise, and refused to pay child support. While the court heard the plaintiff's proffered excuse for falling to provide the insurance information, the court does not credit it. In fact, the defendant was justified in being frustrated, disturbed, even angry about the plaintiff's refusal to comply with her responsibilities. The fact of that justification, however, does not excuse his willful refusal to pay the support. He had legal means including a motion for contempt available to him to compel the plaintiff's compliance with the requirements imposed upon her. Self help is not an appropriate method of enforcing another's compliance with a judgment, particularly where the self help itself consists of the violation of a court order.
The husband claims that he is entitled to a set off from child support for payments he made directly for the children's benefit. The essence of his claim is that these expenditures are for educational, recreational, and similar expenses he pays which are covered under the judgment's definition of child support. The expenses incurred for the children include the following:
 Frankenburger Educational Consultant $4000 Clothing 1077 Son's phone bill 813 Miscellaneous school expense 2769 Tutoring 486 Steinbrecker Associates Educational Consultant 3200 Golf and tennis 675
Total 13020[1]
The decision to allow or disallow a credit rests in the sound discretion of the trial court, Goold v. Goold, 11 Conn. App. 268,273 (1987), which must consider in part whether the receiving parent has in some way consented to the paying parent's direct support of the child as an alternative method of payment. Id., at 275. In the present case, the plaintiff cannot be held liable for the boy's telephone bill.[2] Similarly, the costs related to the boy's educational pursuits, including tutoring, laundry, educational consultants, and similar expenses are all part of the obligation the defendant undertook when he agreed to a reduction CT Page 3830 in child support with respect to the boy in exchange for his willingness to undertake the costs of private school education. Finally, those expenses were undertaken either without consulting the plaintiff or, after consulting her, without her approval. One party cannot unilaterally impose a charge on the other as a way of modifying a court order for support without a modification of the order. Accordingly, the set off is denied.
The defendant also claims that the order should be modified to reflect the increased expenses involved in Kolin's private education. The judgment was modified on February 11, 1998 by stipulation of the parties. That modification was made to reflect the costs of Kolin's private education. "A party seeking a post judgment modification of a dissolution decree that previously had been modified must demonstrate that a substantial change in circumstances has arisen subsequent to the entry of the previous modification." Borkowski v. Borkowski, 228 Conn. 729 (1994). That showing was not made here. Accordingly, the modification is denied.
Based upon the foregoing, the following orders will enter.
1. The defendant is found to be in contempt for failure to pay child support during the period of April through August, 1999.
2. The defendant is ordered to pay to the plaintiff the sum of $8250 as attorney's fees in connection with these proceedings. Connecticut General Statutes, Section 46b-87 and 46b-62.[3]
Payment is to be made in thirty days.
3. The defendant is ordered to pay the arrearage found of $6640, representing the arrearage through November 18, 1999, within thirty days, to be reduced by the sum the defendant was required to expend by the delay in having the insurance information provided.[4]
BY THE COURT,
GRUENDEL, J.